Anthony L. FRENCH, Plaintiff–
Appellant,

v.

William J. HENDERSON,
Defendant–Appellee.

No. 00–3826.

United States Court of Appeals,
Sixth Circuit.

Feb. 6, 2001.

Before JONES, BATCHELDER, and
CLAY, Circuit Judges.

*ORDER*

Anthony L. French, an Ohio resident proceeding pro se, appeals a district court judgment dismissing his employment discrimination complaint filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On September 29, 1998, French, through counsel, filed a complaint against William J. Henderson, Postmaster General of the

United States Postal Service ("USPS"). French, an African–American, alleged that he was employed by the USPS as a supervisor of distribution operations. On November 20, 1997, French and Jon Goldsberry, a subordinate USPS employee, were involved in an altercation. According to French, Goldsberry confronted and threatened him twice that day, necessitating his verbal defense of himself. As a result of the incident, French was suspended from work without pay for three days. French was also subsequently demoted from his full-time supervisor position to a part-time flexible clerk position, which resulted in a reduction in annual salary. French alleged that he received such harsh discipline because of his race. After pursuing claims with the Merit Systems Protection Board ("MSPB") and the Equal Employment Opportunity Commission ("EEOC"), French filed the instant action. He sought monetary relief.

Henderson filed a motion for full or partial summary judgment, to which French responded. The district court granted Henderson's motion, dismissing French's demotion claim for lack of exhaustion and granting summary judgment in favor of Henderson with respect to French's suspension claim. French has filed a timely appeal. He is now proceeding pro se.

We review the district court's grant of summary judgment de novo. *EEOC v. Northwest Airlines, Inc.*, 188 F.3d 695, 701 (6th Cir.1999). Summary judgment is appropriate when the evidence presented shows " 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Id.* (quoting Fed.R.Civ.P. 56(c)).

■ Upon review, we conclude that the district court properly dismissed French's demotion claim for lack of exhaustion and granted summary judgment in favor of Henderson with respect to French's suspension claim. *See id.* French may not obtain district court review of the demotion claim because he did not appeal the EEOC's dismissal of such claim and he did not obtain a final judicially reviewable decision by the MSPB. French's suspension claim, however, was properly exhausted since he filed the instant action within 90 days of receipt of the EEOC's final decision with respect to that claim. *See* 42 U.S.C. § 2000e–16(c).

■ The district court also properly granted summary judgment in favor of Henderson with respect to French's suspension claim. In order to prove a prima facie case of discrimination, the plaintiff must show that: 1) he is a member of a protected group; 2) he was subjected to an adverse employment action; and 3) similarly-situated non-protected employees received preferential treatment. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Talley v. Bravo Pitino Rest., Ltd.*, 61 F.3d 1241, 1246 (6th Cir.1995).

■ French did not present sufficient evidence which would support a prima facie case of race discrimination. Although French is a member of a protected group and he suffered an adverse employment action, he did not establish that non-protected employees were treated more favorably after engaging in the same or similar conduct. *See McDonnell Douglas*, 411 U.S. at 802; *Talley*, 61 F.3d at 1246. Henderson submitted evidence that Goldsberry, a white male, was suspended for three days following the November 20, 1997, incident, as was French. French failed to challenge or rebut Henderson's evidence. Under these circumstances, French's employment discrimination claim fails.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.